Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| U.S.A. PARTS SUPPLY, CADILLAC | ) | |
| U.S.A. AND OLDSMOBILE U.S.A. | ) | |
| LIMITED PARTNERSHIP, | ) | Case No.: 3:20-bk-00241 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| U.S.A. PARTS SUPPLY, CADILLAC | ) | |
| U.S.A. AND OLDSMOBILE U.S.A. | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No.: 3:20-ap-00024 |
| | ) | |
| MICHAEL CHIACCHIERI and | ) | |
| CHRISTOPHER CORRADO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Michael Chiacchieri and Christopher Corrado (the "Defendants") seek the dismissal of the adversary complaint filed against them by U.S.A. Parts Supply, Cadillac, U.S.A. and Oldsmobile U.S.A. Limited Partnership (the "Debtor"). In their motion, the Defendants contend that the court should dismiss this adversary proceeding, because the court lacks subject matter jurisdiction and because the Debtor otherwise fails to state a claim upon which the court can grant relief. In opposition, the Debtor contends that its Amended Complaint should survive the motion to dismiss. Specifically, it contends that it states three counts upon which relief can be granted.

For the reasons stated herein, the court will grant the Defendants' motion to dismiss Count I but will deny the motion as to Counts II and III.

1

## I.   STANDARD OF REVIEW

When a motion under Fed. R. Civ. P. ("Rule") 12(b)(1), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b), attacks the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  The court is to regard the pleadings' allegations as mere evidence on the issue, and a court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment. *Id.; Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987).

Under Rule 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6).  To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).  Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases).  The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).  In fact, the court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

## II.   BACKGROUND

The Debtor is a Maryland limited partnership with its principal place of business in Kearneysville, West Virginia.  The Defendants purport to be limited partners of the Debtor.  On

August 7, 2018, the Defendants filed a complaint against the Debtor and Michael Cannan in the Circuit Court for Montgomery County, Maryland (the "MD Receivership Proceeding"). In the MD Receivership Proceeding, the Defendants alleged numerous actions against the Debtor and Mr. Cannan which seemingly arose from Mr. Cannan's management of the Debtor.[1] On February 13, 2019, after the Debtor admittedly failed to defend in the MD Receivership Proceeding, the court ordered the appointment of Cheryl E. Rose as Receiver to conduct an accounting, pursue avoidable transfers under state law, wind-up the Debtor's business with court approval, collect all sums the Debtor was entitled to recover from Mr. Cannan and third parties, and otherwise undertake the duties of a receiver under the laws of Maryland.

On October 10, 2019, the Maryland court entered summary judgment for the Defendants and found the Debtor and Mr. Cannan jointly and severally liable to the Defendants for the sum of $300,000.00 (the "Summary Judgment Order").[2] Of the total sum, the court awarded "the Plaintiffs who [pursued that] action" $100,000.00 as an administrative expense of the Receivership for expenses they incurred associated with the action and $200,000.00 as an "allowed general unsecured claim against the Receivership Estate . . . ." Moreover, the Summary Judgement Order stated that the Receiver "shall continue to perform her duties" in accordance with the Maryland court's prior order. On December 18, 2019, the Defendants allegedly domesticated the Summary Judgment Order in Jefferson County, West Virginia.

On March 22, 2020, the Debtor filed its voluntary petition for Chapter 11 relief. On May 26, 2020, the Debtor filed its Complaint which began this adversary proceeding. On June 4, 2020, the Defendants filed their first motion to dismiss in the adversary proceeding.[3] The court subsequently entered an order in the bankruptcy case that narrowed the issues in this adversary proceeding. However, the court permitted an Amended Complaint, which the Debtor filed on June 18, 2020. Additionally, on June 8, 2020, the Debtor filed its Objection to Proof of Claim 4 (the

---

[1] The Debtor noted that Mr. Cannan is not the general partner of the Debtor. Rather, the Debtor claims CUSAPS, Inc. is the General Partner. In any event, the MD Receivership Proceeding continued against the Debtor and Mr. Cannan.

[2] On March 10, 2019, the Maryland court amended the summary judgment order allegedly in order for the Defendants to record the Summary Judgment Order in Virginia.

[3] On June 23, 2020, the Debtor filed its Notice of Appeal of the court's June 10 Order in the Debtor's bankruptcy case. *Notice of Appeal*, Case No. 3:20-bk-00241, Dkt. No. 100. Therefore, this court's order is subject to review by the District Court, but notably, the Debtor did not seek to stay the effect of the court's order.

"Claim Objection"), which relates to this proceeding.[4] The Debtor's Claim Objection appears to address similar, if not identical, issues as in its Amended Complaint in this adversary proceeding. On July 2, 2020, the Defendants filed their response to the Debtor's Claim Objection, which appears to also address similar, if not identical, issues as in this adversary proceeding.

### III. DISCUSSION

The Defendants now seek dismissal of this proceeding because the court lacks subject matter jurisdiction and the Debtor failed to state a claim upon which relief can be granted. By its Amended Complaint, the Debtor seeks three forms of relief: (1) to invalidate the Defendants' lien because the MD Receivership Proceeding did not result in a final order, (2) to invalidate the Defendants' lien because the Defendants failed to comply with the Uniform Enforcement of Judgments Act and other aspects of West Virginia law, and (3) that the court relegate the Defendants to unsecured status based upon the Maryland Commercial Receivership Act and the plain language in the Summary Judgment Order. The court will address each count in turn.

Count I is substantially the same, if not identical, to the issue resolved by this court in its June 10, 2020 Order. Based upon the court's analysis there, the court does not perceive the need to analyze Count I. The court will grant the Defendant's motion in that regard based on the strength of the court's June 10, 2020 Order.

Regarding Count II, the Defendants argue that the Debtor failed to state a claim upon which relief can be granted because the Defendants complied with both W. Va. Code § 55-14-2 and W. Va. Code § 38-3-1 *et seq*. when recording their lien in West Virginia. Specifically, the Defendants claim that no basis exists to invalidate the lien because the Clerk of Jefferson County, West Virginia recorded the Summary Judgment Order and did not identify any deficiencies in that regard. Moreover, the Defendants claim that the Debtor obtained notice of the MD Receivership Proceeding. Conversely, the Debtor argues that it stated a claim upon which relief can be granted. Specifically, the Debtor argues that the Defendants failed to comply with the requirements of W. Va. Code § 55-14-2 and W. Va. Code § 38-3-1 such that the Defendants do not have a valid judgment lien in the Circuit Court of Jefferson County against the Debtor's real property. Moreover, the Debtor claims that the Defendants filed the Summary Judgment Order in the

---

[4] On July 7, 2020, United Bank filed its response to the Debtor's Claim Objection. In its response, United Bank states that it filed Proof of Claim 4 against the Debtor on May 11, 2020. Despite the Debtor's Claim Objection referencing claim 4, it appears that the Debtor meant to object to Proof of Claim 5 filed on behalf of the Defendants.

"County Court" but not the "Circuit Court of Jefferson County, as required by of W. Va. Code § 55-14-2."[5]

In relevant part, of W. Va. Code § 55-14-2, otherwise known as the Uniform Enforcement of Foreign Judgment Act (the "UEFJA"), provides that:

> A copy of any foreign judgment authenticated in accordance with an act of Congress or the statutes of this State may be filed in *the office of the clerk of any circuit court of this State*. The clerk shall treat the foreign judgment in the same manner as a judgment of any circuit court of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a circuit court of this State and may be enforced or satisfied in like manner . . . .

W. Va. Code § 55-14-2 (emphasis added). The UEFJA also contains notice requirements. *See* W. Va. Code § 55-14-3. Specifically, "the judgment creditor . . . must file with the clerk of the circuit court an affidavit setting forth the name and last known post-office address of the judgment debtor and the judgment creditor" and "the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor . . . ." *Id*. § 55-14-3(a)-(b). "No execution or other process for enforcement of a foreign judgment filed hereunder may issue until thirty days after the date the judgment is filed." *Id*. § 55-14-3(c).

Additionally, W. Va. Code § 38-3-1 *et seq*. outlines the process for recording any judgment as a lien in West Virginia. "[A] decree or order requiring the payment of money shall have the effect of a judgment for such . . . money, and be embraced by the word 'judgment' . . . ." W. Va. Code § 38-3-2. "[Any] persons entitled to the benefit of any decree or order requiring the payment of money shall be deemed judgment creditors." W. Va. Code § 38-3-2. "[T]he word "judgment" shall include any undertaking, bond or recognizance which has the force of a judgment." W. Va. Code § 38-3-3. In addition, West Virginia requires every clerk of court make out and deliver an abstract of judgment in order for a judgment creditor to obtain a valid judgment lien. W. Va. Code § 38-3-4. The abstract of judgment shall include certain information including:

> (a) The names in full of the plaintiff or plaintiffs, and the defendant or defendants, as they appear in the papers and proceedings in the cause, and if the defendants are sued as partners, the individual names of such defendants, and also the partnership name shall be stated; (b) the amount of the judgment and the amount of the costs, stating each separately; (c) the value of the specific property (if any) recovered by

---

[5] Although vaguely argued, the court perceives that Debtor's allegation to be that the Defendants recorded their Maryland Judgment with the County Clerk for Jefferson County without properly domesticating it in West Virginia consistent with the UEFJA.

5

> it, and the damages, if any, for its detention; (d) the date of the judgment and the court in which, or the justice [magistrate] by whom, the judgment was rendered.

*Id.* Furthermore,

> [t]he clerk of every county court shall keep in his office . . . a judgment docket, in which he shall docket . . . any judgment rendered by any justice of the peace [magistrate] or court of this State or by any court of the United States within this State, upon the delivery to him of an authenticated abstract thereof for that purpose, and the payment or tender of his fee therefor.

W. Va. Code § 38-3-5. In such docket, there are similar, but also additional, information requirements to the above.

Here, the Debtor stated a plausible cause of action. Specifically, it asserted that the Defendants failed to record the Summary Judgment Order with the "Circuit Clerk" of Jefferson County as required by the UEFJA and that the Defendants failed to follow the proper notice requirements. However, the Debtor notably conceded facts surrounding the Defendants' attempt to domesticate the Summary Judgment Order in Jefferson County, West Virginia by recording with the "County Clerk." Nevertheless, the Debtor claims that the Defendants violated the above-mentioned requirements to record the judgment such that they do not possess a valid judgment lien.

Notably, the Defendants' motion to dismiss contains zero support or argument regarding the claim that they failed to comply with the UEFJA or other West Virginia law. Specifically, the Defendants do not contend that they first recorded their judgment in the Circuit Court of Jefferson County in compliance with the UEFJA. They merely state that the Debtor had notice and the Clerk never raised any deficiencies with the judgment's recordation in the County Court. Thus, after construing the Amended Complaint in the light most favorable to the Debtor, taking all factual allegations as true, and drawing all reasonable inferences in favor of the Debtor, the court finds that the Debtor stated a plausible claim. The Defendants failed to convince the court otherwise. The court will not dismiss Count II.

Finally, the Defendants argue that Count III is subject to dismissal because the Debtor failed to state a claim upon which relief can be granted. Specifically, the Defendants assert that their claim is secured because they properly recorded the Summary Judgment Order in West Virginia. Moreover, the Defendants argue that the recordation of the judgment more than 90 days prior to the commencement of the petition date elevated their claims to secured status or at the least partially undersecured. In response, the Debtor claims that it stated a plausible claim.

Specifically, the Debtor claims that the court should apply the plain text of the Summary Judgment Order to limit the Defendants to an unsecured claim, even if the Summary Judgment Order is afforded full faith and credit. Moreover, the Debtor claims that the plain text does not grant the Defendants judgment creditor status against the Debtor, nor does it grant them anything more than a general unsecured claim.

Notably, the Debtor's Amended Complaint seems to rely upon the Maryland Commercial Receivership Act (the "MCRA"). While the Debtor does not expand upon its argument in that regard in its Response, this recently enacted statute provides that an order appointing a receiver shall operate as a stay of an act to:

> (1) Commence or continue a judicial, administrative, or other action or proceeding against the owner that was or could have been commenced before entry of the order;
> (2) Collect, assess, or recover a claim against the owner that arose before entry of the order;
> (3) Obtain possession of, exercise control over, or enforce a judgment against the receivership property obtained before entry of the order; or
> (4) Create, perfect, or enforce a lien or other claim against the receivership property that arose before entry of the order.

MD. CODE. ANN., COM. LAW § 24-401(a). In other words, the MCRA prohibits creditors, upon the court's entry of a receivership order, from obtaining a perfected lien on the receivership debtor's property. However, there are exceptions. For example, "[a]n act to perfect, maintain, or continue the perfection of an interest in receivership property" is not stayed by the MCRA. *Id.* § 24-401(c)(2).

Here, the court perceives no basis to grant the Defendant's motion to dismiss. Specifically, the Defendants did not put into controversy the MCRA's operation or how their conduct was excepted therefrom. Without further argument by the Defendants, the court believes that the Debtor stated a plausible claim upon which relief can be granted, because the MCRA seems to enact a stay against the creation, perfection, or enforcement a lien or other claim against the receivership property. In addition, the Summary Judgment Order explicitly provides for an unsecured claim of $200,000.00 against the Receivership Estate. While it is unclear to the court what impact the MCRA or the express language of the Summary Judgment Order has on the Debtor's action here, the court believes that the Debtor stated a plausible claim, and it will not dismiss Count III.

7

## IV.   CONCLUSION

Based upon the foregoing, the court will enter a separate order granting the motion to dismiss in part and denying the Defendant's motion to dismiss in part.  Furthermore, upon based on the foregoing analysis and the pendency and similarity of issues regarding the Debtor's Claim Objection, the court will consolidate the Claim Objection with this adversary proceeding.

**ORDER**

Consistent with the memorandum opinion entered contemporaneously herewith, the court does hereby

ORDER that the Defendants' motion to dismiss (Doc. No. 12), filed by Michael Chiacchieri and Christopher Corrado, be and hereby is GRANTED in part and DENIED in part. Count I is hereby DISMISSED. The court does hereby

FURTHER ORDER that the Debtor's Objection to Proof of Claim 4 is hereby OVERRULED to the extent it can be construed as an objection to United Bank's Proof of Claim. Otherwise, the Debtor's claim objection is hereby consolidated with this adversary proceeding.

For the reasons set forth above, it is

SO ORDERED.
/s/ David L. Bissett
David L. Bissett
United States Bankruptcy Judge